SIDNEY DUNN *vs.* CITY OF BOSTON.

Middlesex.    April 6, 1934. — May 25, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Assignment.   Contract,* Construction, Modification.

A contract in writing with a city for the collection and removal of ashes and refuse contained provisions authorizing the city to change and increase the work and to change specifications and to require "extra labor relating thereto." On the day the contract was made, the contractor in writing assigned "all moneys due under" it. In the course of performance by one, not the assignee, who acted in the name and stead of the contractor, it was discovered that garbage, not covered by the contract, was being mixed with ashes and refuse set out by householders for collection, and the city thereupon directed the person performing to collect all and promised him extra compensation for the collection and removal of the garbage. The assignee brought an action against the city for the extra compensation. *Held,* that the assignee was not entitled to recover, garbage not being included in the subject matter or in the provisions of the contract in writing and the right to the extra compensation therefore not being included in the assignment.

CONTRACT.    Writ dated July 14, 1926.

In the Superior Court, the action was tried before *Beaudreau,* J. It appeared that the contract described in the opinion was awarded to Wynter on February 23, 1922; that on that same day Wynter executed to the plaintiff an assignment "of all moneys due under the contract"; that the contract called for the collection and removal of "the ashes, store dirt, house dirt and refuse in the East Boston and Breeds Island district, between February 1, 1922, and January 31, 1923." The plaintiff contended that the "extra compensation," described in the opinion, was included with the sums which were to be paid under the contract and which were assigned to him, by reason of the following articles of the contract:

"Article 2.    The Contractor shall do the work, and do it in the manner set forth in the specifications of the contract,

except that the City, by order in writing of the Commissioner, or his duly authorized representative, from time to time given to the Contractor or his foreman, may change, increase or take away any part of the work or change the specifications, or require the Contractor to hasten the work, or to furnish any extra labor relating thereto, and the Contractor shall conform to the orders.

"Article 3. The Contractor shall, within one week after he shall have been caused any loss or injury by the City, deliver to the City Auditor and the Commissioner full statements, in writing, of such loss or injury and of the items and cause thereof; and no sum shall be allowed on account of any such loss or injury unless a statement as aforesaid is so delivered to the City Auditor and another to the Commissioner, or the Mayor approves the sum."

Other material evidence is described in the opinion.

The judge ordered a verdict for the defendant. The plaintiff alleged exceptions.

*M. Michelson,* for the plaintiff.

*H. M. Pakulski,* Assistant Corporation Counsel, for the defendant.

LUMMUS, J. One Wynter had a contract with the defendant for the collection and removal for one year of ashes and refuse in a part of Boston. The plaintiff lent money to one Bradley, who took over the contract and performed it in the name and stead of Wynter, and as security the plaintiff took an assignment from Wynter of all moneys due under the contract. Notice of the assignment was duly given to the defendant.

Later it was found that garbage, not covered by the contract, was being mixed with ashes and refuse set out by householders for collection. The defendant directed Bradley to collect all, and promised him extra compensation for the garbage. An action for the extra work was brought in the name of Wynter against the defendant, and the attorney who brought it collected a judgment for $4,900 from the defendant. No part of this amount reached the present plaintiff, who brought this action to compel the defendant to pay it again. Upon evidence of

the foregoing facts, the judge directed a verdict for the defendant, subject to the plaintiff's exception, and reported the case.

The direction was right. The plaintiff is not entitled to payment for work not included in the contract assigned, and consequently not covered by the assignment.

*Judgment for the defendant on the verdict.*